ARGUMENT NOT YET SCHEDULED

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff-Appellee<br><br>v.<br><br>PETER K. NAVARRO,<br>Defendant-Appellant. | No. 23-5062 |

**SUPPLEMENT TO APPELANT'S BRIEF CONTAINING
SUMMARY OF THE ARGUMENT**

Pursuant to Fed. R. App. P. 28(a)(7), Appellant Dr. Peter K. Navarro submits this supplement to his November 6, 2023 Brief as a succinct, clear, and accurate statement of arguments made in the brief which do not merely repeat the subheadings in the brief's argument section.

Appellant is a former senior advisor to President Donald J. Trump. Appellee is the United States. Appellee filed a civil lawsuit to compel the production of electronic mail that are "Presidential records" as that term is defined by the Presidential Records Act of 1978, 44 U.S.C. §§ 2201-2209. The district court granted summary judgment, concluding that Appellee could utilize the District of Columbia's replevin statute to compel the production of such records, although the

Presidential Records Act does not itself provide any vehicle for the compulsory production of the same.

On appeal, the narrow question Appellant proffers is whether it was proper for the district court to permit Appellee, the Executive Branch, to petition the Judiciary Branch for an Order compelling the production of Presidential records where the governing statute, the Presidential Records Act, does not itself authorize the Executive Branch to compel the production of such records, instead only authorizing the Executive Branch to take an adverse employment action as against Executive Branch employees who fail to comply with the Act.

Dated: November 7, 2023      Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Stanley E. Woodward, Jr.*
(D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
400 5th Street NW, Suite 350
Washington, DC  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Appellant Peter K. Navarro*

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Fed. R. App. P. 32(g) and Fed. R. App. P. 32(a)(7)(B), that the foregoing principal brief complies with the relevant page and type-volume limitations. The brief and this supplement combine for no more than twenty-three (23) pages, and thus do not exceed thirty (30) pages. The brief and this supplement contain a total of 3753 words, and thus not more than 13,000 words, excluding those exempted by Fed. R. App. P. 32(f) and D.C. Cir. Rule 32(e)(1).

I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typeface style requirements of Fed. R. App. P. 32(a)(6) because the brief was prepared in 14-point Times New Roman font using Microsoft Word.

/s/
Stanley Woodward Jr.

## CERTIFICATE OF SERVICE

I hereby certify, pursuant to Fed. R. App. P. 25(c), that on November 7, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter who are registered with the Court's CM/ECF system.

/s/
Stanley Woodward Jr.