ARGUMENT NOT YET SCHEDULED

APPEAL NO. 23-5062

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES OF AMERICA,                             APPELLEE

v.

DR. PETER K. NAVARRO,                                 APPELLANT.

APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

APPELLANT'S REPLY BRIEF

>                    Stan M. Brand
>                    (D.C. Bar No. 213082)
>                    Stanley E. Woodward, Jr.
>                    (D.C. Bar No. 997320)
>                    BRAND WOODWARD LAW, LP
>                    400 5th Street NW, Suite 350
>                    Washington, DC  20001
>                    202-996-7447 (telephone)
>                    202-996-0113 (facsimile)
>                    Stanley@BrandWoodwardLaw.com
>
>                    *Counsel for Appellant Peter K. Navarro*

1:22-cv-02292-CKK

1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................3

I.   The United States is Not Owed Judgment as a Matter of Law .............6

II.  The Major Questions Doctrine is Implicated in this Matter .................9

   A.   *The National Archives and Records Administration is an Executive Agency* ........................................................................................10
   B.   *The Authority of an Executive Agency to Summarily Compel Production of Presidential Materials is an Issue of Major Political Significance* ........................................................................................10

# TABLE OF AUTHORITIES

### Cases

*Alabama Association of Realtors v. Department of Health and Human Services*,
   141 S. Ct. 2485 (2021) (per curiam) ................................................................. 9

*Coleman v. District of Columbia*, 794 F.3d 49, 57 (D.C. Cir. 2015) ....................... 8

*Ficken v. AMR Corp.*, 578 F. Supp. 2d 134 (D.D.C. 2008) .................................. 6, 7

*Kapral v. United States*, 166 F.3d 565, 578 (3d Cir. 1999) ...................................... 9

*Russello v. United States*, 464 U.S. 16 (1983) .......................................................... 9

*United States v. Kearns*, 595 F.2d 729, 732-33 (D.C. Cir. 1978) ............................. 8

### Statutes

44 U.S.C. § 2102 ..................................................................................................... 10

44 U.S.C. § 2201(2) .................................................................................. 7, 8, 10, 11

### Other Authorities

BLACK'S LAW DICTIONARY (2d Ed. 1910) .................................................................. 6

The Parties agree, the Presidential Act provides no mechanism for the compulsory return of Presidential Records no longer in the possession, custody or control of the United States. Instead, the government asserts, Congress obviously assumed the United States would institute causes of action pursuant to individual State replevin statutes wherever it sought the return of Presidential Records. This, the United States argues, is so because, "the Presidential Records Act was enacted against a well-established history of the United States vindicating its property rights using the same state-law remedies available to private individuals." Br. at 19. The problem with this analysis is that it ignores the limitations imposed upon our government – the United States – not imposed upon private individuals. *See* U.S. Const. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.").

Consider the following hypothetical. The grandchild of a late dignitary – a former senior presidential advisor – posts on social media that they affectionally recall their grandparent showily flashing correspondence from the former President the grandparent had served, and that the grandparent had kept from their time in the administration. A Presidential record. There is no allegation of a crime, and

4

thus no probable cause for any search by the United States. Yet because the correspondence, if it exists, is, "the property of the United States," Br. at 5, the United States institutes an action in replevin against the grandchild and, when the grandchild fails to produce the correspondence in question, demand access to all the grandparent's files to review and decide for itself whether any Presidential Records are contained therein.

No, these aren't the facts of this case, but they aren't far removed either. Most recently, the United States contradicted itself when it advised the District Court that:

> [T]he United States has not taken the position that every action that Defendant took in connection with the 2020 Presidential Election was done in his personal, and not official, capacity; nor has the United States taken the position that any communications related to the 2020 Presidential Election are not Presidential records [and it is] possible that [Dr. Navarro / Appellant] conducted official business related to the 2020 Presidential Election over email, and that such emails would constitute Presidential records.

Brief, at 4, *United States v. Navarro*, No. 22-cv-2292 (D.D.C. Dec. 29, 2023) (ECF No. 35). In addressing the District Court, the government further advised,

> The United States does not know whether [Dr. Navarro / Appellant] has withheld emails on the basis that they involve work [Dr. Navarro / Appellant] undertook in his personal capacity, nor does it know how [Dr. Navarro / Appellant] would define the contours of work conducted in his personal, as opposed to official, capacity.

*Id.* The plain insinuation is that the government seeks access to all of Dr. Navarro's emails for the purpose of making a claim as to purportedly official, as

5

opposed to purely personal, records under the Presidential Records Act. The United States make this demand, without any suggestion that there is probable cause to pierce Dr. Navarro's privacy interests.

I. **The United States is Not Owed Judgment as a Matter of Law**

Ultimately, the United States advances a claim in search of a legal justification. At the outset, the United States claims that replevin is the proper vehicle for the recovery of electronic mail, arguing that the statute's distinction of "personal property" is meant solely to distinguish real property from all other types of property. Br. at 20. However, the limited case law interpreting the D.C. replevin statute casts doubt upon the claim that the distinction is real property versus everything else. *See Ficken v. AMR Corp.*, 578 F. Supp. 2d 134, 143 (D.D.C. 2008) (denying a replevin claim to recover frequent flyer miles from an airline, because such miles were an intangible right and thus were not "personal property"). *See* Appellant's Br. at 13. Generally, real property is, "a term that is applied to land and immovable property on land such as buildings." *See* Real Property, BLACK'S LAW DICTIONARY (2d Ed. 1910). If the United States's theory on the D.C. replevin statute's limitation to personal property meaning anything other than land and immovable property like buildings, then the *Ficken* case would be wrongly decided: the Plaintiff in *Ficken* had a right to the materials he sought and the materials he sought was not real property, yet an action of replevin was

6

denied because the materials were "intangible rights" rather than personal property. *Ficken*, 578 F. Supp. 2d at 143.

Further still, the United States has consistently claimed that Dr. Navarro has either "wrongfully taken" any Presidential records, or that Dr. Navarro was at the time of filing the complaint "in possession of and wrongfully detain[ing]" any Presidential records. *See e.g.*, Br. at 23 ("Navarro continued to wrongfully withhold the Presidential records. . ."). However, Dr. Navarro was at the time of the creation of any Presidential records their proper custodian under the Presidential Records Act. *See* 44 U.S.C. § 2201(2) ("The term 'Presidential records' means documentary materials. . . created or received by. . . the President's immediate staff, or a unit or individual of the Executive Office of the President whose function is to advise or assist the President, in the course of conducting activities which relate to or have an effect upon the carrying out of the constitutional, statutory, or other official or ceremonial duties of the President."). Further, the government has done nothing to establish that Dr. Navarro has wrongfully detained any Presidential records that may have been in his possession, as their theory of the case is based upon a nonexistent deadline under the statute whereby Dr. Navarro must provide the documents to the National Archives and Records Administration. Dkt. No. 1, at 2, 5 ("Under the PRA, at the end of a presidential administration, the Archivist of the United States is required to

7

'assume responsibility for the custody, control, and preservation' of Presidential records and 'make such records available to the public as rapidly and completely as possible consistent with the provisions of this chapter.'"). Ultimately, the United States did not prove wrongful taking or wrongful detention of Presidential records to warrant summary judgment granting replevin, and it is the United States's burden as the movant to establish that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. *See e.g. Coleman v. District of Columbia*, 794 F.3d 49, 57 (D.C. Cir. 2015).

Finally, the United States cites to *United States v. Kearns*, 595 F.2d 729, 732-33 (D.C. Cir. 1978), for the proposition that even though 44 U.S.C. § 2209 only authorizes disciplinary actions against employees, such a provision can still be interpreted to broadly allow the United States to advance their claims. Br. at 30-31. Ultimately, this once again mischaracterizes Dr. Navarro's argument in this matter. To accept the United States's theory, the Court would need to hold that even though specific terms and sections of the Presidential Records Act only explicitly apply to electronic mail accounts, that the section can be interpreted to apply to the entire statute in all contexts. The United States entire theory on this case is that 44 U.S.C. § 2209, a more recent addition to the Presidential Records Act which serves to provide an adverse action proceeding against covered employees who willfully use electronic mail accounts to receive Presidential

8

records, broadly applies to the rest of the Presidential Records Act. *See e.g.* Dkt. No. 1, at 5-6, 10, 12. Indeed and as was highlighted in appellant's principal brief, much of the case law upon which the United States still relies to advance their claims are case law from before the adoption of sections of the Presidential Records Act upon which the United States's complaint is based. Br. at 25-29.

One of the principles of statutory construction requires that where, "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Kapral v. United States*, 166 F.3d 565, 578 (3d Cir. 1999) (Alito, J., concurring) (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)). However, using a medley of unrelated case law to read nonexistent, broad rights and causes of action into a narrow section of a statute flies in the fact of statutory interpretation.

## II. The Major Questions Doctrine is Implicated in this Matter

The United States claims that reference to, "*Alabama Association of Realtors v. Department of Health and Human Services*, 141 S. Ct. 2485 (2021) (per curiam), and other cases invoking the major questions doctrine is wholly misplaced." Br. at 31-32. The government bases this on a claim that, "this case does not involve agency regulation of any kind much less any attempt to wield 'vast economic [or] political powers.'" Br. at 32. To make such a claim, however,

9

does not make it true. This case does involve an independent agency of the federal government, and it seeks to apply a statute which affects the agency in a broad and novel way with vast political impacts on future presidential administrations.

### A. The National Archives and Records Administration is an Executive Agency

The National Archives and Records Administration is an independent federal agency of the executive branch of the United States. *See e.g.*, 44 U.S.C. § 2102 ("There shall be an independent establishment in the executive branch of the Government to be known as the National Archives and Records Administration. The Administration shall be administered under the supervision and direction of the Archivist."). Further still, the Presidential Records Act specifically refers to actions which are to be taken by the Archivist or by the National Archives and Records Administration in relation to Presidential records. See 44 U.S.C. § 2203. As this matter involves a civil complaint filed under the Presidential Records Act, the action does in fact involve "agency regulation" such that cases interpreting the major questions doctrine can apply.

### B. The Authority of an Executive Agency to Summarily Compel Production of Presidential Materials is an Issue of Major Political Significance

The United States also notes that the major questions doctrine case law requires an agency to take actions which affect "vast economic [or] political powers" in order to be considered, before merely stating that this matter does not

10

involve either category. Br. at 31-32. However, this is not the case. It can hardly be said that the Presidential Records Act lacks vast economic significance where it affects a broad range of federal employees of every single Presidential Administration in the United States, as well as both the President and Vice President themselves. 44 U.S.C. §§ 2203, 2207. Never before has the United States of America sought the return of "Presidential records" from a former senior presidential advisor through a State replevin action. Should the Court uphold the district court's summary judgment, the Presidential Records Act will have been applied by a federal agency in a broad and novel manner which will affect all future presidential administrations.

It follows that Congress did not foresee the United States Executive Branch reading authority into the Presidential Records Act that was not explicitly bestowed, nor did Congress intend to grant broad authority to the National Archives and Records Administration to invade upon former federal employees personal electronic mail account solely because of an unfounded suspicion that the account may contain Presidential records as defined under the Act.

## **CONCLUSION**

Based on the foregoing, the district court's decision must be reversed.

[SIGNATURE ON NEXT PAGE]

Dated: January 26, 2024						Respectfully submitted,

                           */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
400 Fifth Street, Northwest, Suite 350
Washington, DC  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant/Appellant Dr. Peter K. Navarro*

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Fed. R. App. P. 32(g) and Fed. R. App. P. 32(a)(7)(B), that the foregoing brief complies with the type-volume limitation because it contains 1967 words, excluding those exempted by Fed. R. App. P. 32(f) and D.C. Cir. Rule 32(e)(1). I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typeface style requirements of Fed. R. App. P. 32(a)(6) because the brief was prepared in 14-point Times New Roman fond using Microsoft Word.

/s/
Stanley E. Woodward, Jr.

## CERTIFICATE OF SERVICE

I hereby certify, pursuant to Fed. R. App. P. 25(c), that on January 26, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter who are registered with the Court's CM/ECF system.

/s/
Stanley E. Woodward, Jr.