APPEAL NO. 23-5062

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES OF AMERICA,                                                  APPELLEE

v.

PETER K. NAVARRO,                                                      APPELLANT.

APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

APPELLANT'S PETITION FOR REHEARING EN BANC, OR PETITION FOR
PANEL REHEARING

Stan M. Brand
(D.C. Bar No. 213082)
Stanley E. Woodward, Jr.
(D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
400 5th Street NW, Suite 350
Washington, DC 20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Appellant Peter K. Navarro*

1:22-cv-02292-CKK

1

## TABLE OF CONTENTS

Table of Authorities ..................................................................................................3

Rule 35(b)(a) Statement ............................................................................................4

Statement of the Case ...............................................................................................4

    I.     Relevant Law ..........................................................................................7

    II.    Reasons for Rehearing ...........................................................................9

Conclusion ..............................................................................................................12

Certificate of Compliance .......................................................................................13

Certificate of Service ..............................................................................................13

Certificate of Parties ...............................................................................................14

# TABLE OF AUTHORITIES

**Cases**

Camara v. Municipal Court of City and County of San Francisco, 387 U.S. 523 (1967)..................................................................................................12

City of Ontario v. Quon, 560 U.S. 746 (2010) ......................................................5, 11

Gamble v. United States, 139 S. Ct. 1960, (2019)......................................................5

Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803) ..................................................5

Skinner v. Railway Labor Executives' Assn., 489 U.S. 602 (1989).........................12

Treasury Employees v. Von Raab, 489 U.S. 656 (1989) .........................................12

United States v. McElvenny, 2003 U.S. Dist. LEXIS 4792 (S.D.N.Y. 2003) ........11

West Virginia v. EPA, 142 S. Ct. 2587 (2022)....................................................6, 12

Youngstown Sheet & Tube Co. v. Sawyer, 343 U. S. 579 (1952) ............................6

**Statutes**

44 U.S.C. § 2201 .....................................................................................................8, 9

44 U.S.C. § 2202 ........................................................................................................8

44 U.S.C. § 2203 ........................................................................................................8

44 U.S.C. § 2209 .....................................................................................................5, 9

## Rule 35(b)(1) Statement

Does the Presidential Records Act, 44 U.S.C. §§ 2201-2209 ("PRA"), authorize a search by the government of the personal email of all former senior presidential advisors despite the protections from unreasonable search and seizure afforded by the Fourth Amendment? Because this proceeding involves a question of exceptional importance, panel rehearing, or rehearing *en banc*, is required. Specifically, the panel concluded that the PRA authorizes the United States to seek the return of Presidential Records from former senior presidential advisors through State replevin actions. Importantly, since the conclusion of briefing before the panel, the district court has effectively authorized a search of the entirety of Dr. Navarro's email (limited only by the time period within which he served as a senior presidential advisor). In so doing, Dr. Navarro's protection from unreasonable searches and seizures under the Fourth Amendment, *see City of Ontario v. Quon*, 560 U.S. 746 (2010), has been completely eviscerated.

It cannot be that Congress implicitly bestowed upon the Judiciary the authority to summarily invade the Fourth Amendment in this manner. *See, e.g., Gamble v. United States*, 139 S. Ct. 1960, (2019) (Thomas, J., concurring) ("And the Court has long recognized the supremacy of the Constitution with respect to executive action and 'legislative act[s] repugnant to' it." (internal cites omitted) (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803); *Youngstown Sheet &*

*Tube Co. v. Sawyer*, 343 U. S. 579, 587-589 (1952); The Federalist No. 78, at 467 (C. Rossiter ed. 1961) ("No legislative act, therefore, contrary to the Constitution, can be valid.")). Even were it the intent of Congress to implicitly bestow such power on the Judiciary, to so hold implicates the major questions doctrine, *see West Virginia v. EPA,* 142 S. Ct. 2587 (2022), a separate but related question of exceptional importance warranting rehearing.

## STATEMENT OF THE CASE

Dr. Peter K. Navarro was a member of Donald J. Trump's Presidential Administration from January 20, 2017 through January 20, 2021 in multiple executive branch cabinet or advisor roles, making him a "covered employee" under at least a portion of the Presidential Records Act of 1978. *See* 44 U.S.C. § 2209(c)(1)(A)-(D) (defining "covered employee. . . [i]n this section" as "immediate staff of the President[,] the immediate staff of the Vice President[,] a unit or individual of the Executive Office of the President whose function is to advise and assist the President[,] and a unit or individual of the Office of the Office of the Vice President whose function is to advise and assist the Vice President."). During his tenure in the White House, he had a personal electronic mail account on which he admittedly conducted limited official activities.

The United States filed a civil complaint seeking the compelled production of any Presidential Records in Dr. Navarro's possession. On March 9, 2023, the

5

District Court granted summary judgment in favor of the United States, and ordered Dr. Navarro to review his email and produce any Presidential Records identified therein. Order and Judgment (Mar. 9, 2023). On March 23, 2023, Dr. Navarro appealed the merits of the ruling but once a stay was denied Dr. Navarro proceeded both before the district court and this court simultaneously. Here, Dr. Navarro filed his principal brief on November 6, 2023; the United States filed its response on January 5, 2024; Dr. Navarro filed his reply brief on January 6, 2024. On February 1, 2024, this Court notified the parties that it would be ruling on the merits without oral argument. On April 1, 2024, the panel in this matter denied Dr. Navarro's appeal. Before it did so, however, the district court took action that significantly changed the posture of this case.

On February 20, 2024, after briefing had been completed for the panel, the district court issued an order and memorandum opinion regarding whether Dr. Navarro had complied with its directive to return all Presidential Records to the United States. In so doing, the district court broadly defined Presidential Records. *See* Memorandum Opinion and Order (Feb. 20, 2024) (ECF. No. 038). As a result of this ruling and the analysis contained therein, Dr. Navarro has now produced to the United States more than half of all personal emails sent or received during his service as a senior presidential advisor. Despite this significant production, the district court also ordered an *in camera* inspection *of the remainder* of Dr.

6

Navarro's personal emails. *See* Order (Apr. 9, 2024) (ECF No. 042).[1] *See also* Order Referring Case to Magistrate Judge G. Michael Harvey (Apr. 9, 2024) (ECF No. 043). The Magistrate Judge, in turn, has issued a separate order requiring that Dr. Navarro catalogue his personal emails and, for each, explain why they are personal (and not Presidential). *See* Order, at 2 (May 1, 2024) (ECF No. 045) ("The documents shall further be organized into the following categories . . . .").

These orders amount to a judicial intrusion in violation of the Fourth Amendment that the parties had not previously briefed for the panel. Based on the plain language of the district court's Order as well as the Magistrate Judge's supplemental Order, Dr. Navarro now must produce the entirety of his personal email account (limited to the period within which he served as a senior presidential advisor) to a Magistrate Judge for review.

## I. Relevant Law

The Presidential Records Act of 1978, 44 U.S.C. §§ 2201-2209 ("PRA"), governs the preservation and maintenance of official records of Presidents, Vice Presidents, and their respective staffs. The statute requires the President to ensure the preservation of records documenting the performance of that President's

---

[1] The district court's Order requires Dr. Navarro to, "lodge with the Chambers of Magistrate Judge Harvey all documents that prior searches have identified as potential Presidential records as described in the status reports, and any other searches run by Defendant to identify potentially responsive records." Order Referring Case to Magistrate Judge G. Michael Harvey at 1 (Apr. 9, 2024) (ECF No. 043) (citations omitted). Insofar as Dr. Navarro's "search" for Presidential Records included a review of every single email sent or received during the period when Dr. Navarro served as a senior presidential advisor, the district court's order now requires the magistrate judge to review every record not identified as a Presidential Record by Dr. Navarro's counsel.

official duties to ensure that once the President's tenure in the White House is concluded, custody and control of all presidential records can be transferred to the National Archives and Records Administration ("NARA"). 44 U.S.C. § 2203(a). The PRA then requires NARA to prepare public access, "as rapidly and completely as possible consistent with the provisions of this chapter." 44 U.S.C. § 2203(g)(1).

The PRA is unequivocal in that it gives the United States, "complete ownership, possession, and control of Presidential records; and such records shall be administered in accordance with the provisions of," the Act 44 U.S.C. § 2202. Electronic mail can be documentary materials as defined by the Presidential Records Act. *See* 44 U.S.C. § 2201(1) (defining "documentary materials" pursuant to the Presidential Records Act to include "electronic or mechanical recordation, whether in analog, digital, or any other form."). However, solely because electronic mail was created during an employee's tenure in the White House does not mean that all electronic mail created during an employee's tenure is a presidential record. *See* 44 U.S.C. § 2202(2)(A), (B) (defining "presidential records" as a specific category of documentary materials, and exempting certain documentary materials from the definition of "presidential records").

The PRA was amended in 2014 to address the specific issue of creating or sending a "Presidential or Vice Presidential record using a non-official electronic message account[.]" 44 U.S.C. § 2209. This section outlines that such material

8

that is created or sent on a personal electronic mail account must either: "(1) cop[y] an official electronic messaging account of the President, Vice President, or covered employee in the original creation or transmission of the Presidential record or Vice Presidential record; or (2) forward[] a complete copy of the Presidential or Vice Presidential record to an official electronic messaging account of the President, Vice President, or covered employee not later than 20 days after the original creation or transmission of the Presidential or Vice Presidential record." 44 U.S.C. § 2209(a)(1), (2). Of note, this subsection states it only applies to material that is "create[d]" or "sen[t]," and not material that is "received." *Compare* 44 U.S.C. § 2209, *with* 44 U.S.C. § 2201(2) (defining "presidential records" as "documentary materials. . . *created or received*[.]") (emphasis added).

The PRA does not provide a separate cause of action through which the United States may seek the return of Presidential Records. In fact, the only remedial measure within the Act is a section which authorizes adverse actions when covered employees intentionally fail to abide by 44 U.S.C. § 2209(a). *See* 44 U.S.C. § 2209(b).

**II. Reasons for Rehearing**

In its opinion, the panel concluded the PRA did not implicitly preclude the United States from seeking the return of Presidential Records through State replevin actions. *See* Judgment, at 4 (Apr. 1, 2024) (Document # 2047665) ("That

Congress provided the United States authority to discipline current employees for violating the PRA does not remotely suggest that Congress intended to foreclose the government from using other longstanding methods of protecting its property."). This conclusion, however, was based on the presumption that the United States knew which records it sought the return of. Indeed, when this appeal was initially briefed for the panel, the records Dr. Navarro was ordered to return were specifically delineated (and had already been identified by Dr. Navarro himself). *See United States v. McElvenny*, 2003 U.S. Dist. LEXIS 4792 (S.D.N.Y. 2003) (United States seeking from private citizen the return of a specific map and other tangible and specifically identified materials from the Kennedy Administration). Since briefing was complete, however, the district court has ordered the review of the entirety of Dr. Navarro's personal email account (limited only to the time period within which he served as a senior presidential advisor). This intrusive search of Dr. Navarro's personal email amounts to a violation of his protection from unreasonable searches and seizures under the Fourth Amendment to the Constitution. *See City of Ontario v. Quon*, 560 U.S. 746, 755-56 (2010) ("It is well settled that the Fourth Amendment's protection extends beyond the sphere of criminal investigations. . . 'The Amendment guarantees the privacy, dignity, and security of persons against certain arbitrary and invasive acts by officers of the Government,' without regard to whether the government actor is investigating

crime or performing another function. . . The Fourth Amendment applies as well when the Government acts in its capacity as an employer. . .") (internal citations omitted) (citing *Camara v. Municipal Court of City and County of San Francisco*, 387 U.S. 523, 530 (1967)) (also citing *Skinner v. Railway Labor Executives' Assn.*, 489 U.S. 602, 613–614 (1989)) (also citing *Treasury Employees v. Von Raab*, 489 U.S. 656, 665 (1989)).

Even were it the intent of the panel to conclude that the PRA implicitly bestowed upon the Judiciary the authority to search the email of any former senior presidential advisor, so doing unquestionably implicates the major questions doctrine such that it should be assumed that Congress must speak clearly when delegating authority to executive agencies, such as where it empowers NARA, through the Department of Justice, to permit an invasion of privacy.  Moreover, where a statute is applied to in a novel and broad manner which grants agencies broad authority over matters of "economic and political significance," the Courts should "hesitate before concluding that Congress meant to confer such authority." *See e.g. West Virginia v. EPA*, 142 S. Ct. 2587, 2607-08 (2022).  Here, the PRA has been interpreted to provide an executive agency a cause of action to summarily compel production of records and review of private electronic mail accounts through an unrelated state law statute.  Upholding the District Court's ruling will subject all future covered executive branch employees to the same scrutiny and

review of the entirety of their personal electronic mail accounts if the government simply suspects that the employee may have used personal electronic mail accounts during their tenure as covered employees as defined by the Statute, making this matter a question of significant political importance.

## **CONCLUSION**

Based on the foregoing, Appellant-Defendant Dr. Peter K. Navarro respectfully requests rehearing either by the panel or *en banc*.

# CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Fed. R. App. P. 32(g) and Fed. R. App. P. 32(a)(7)(B), that the foregoing petition complies with the relevant page and type-volume limitations. The petition contains 1,980 words, and thus not more than 3,900 words, excluding those exempted by Fed. R. App. P. 32(f) and D.C. Cir. Rule 32(e)(1). I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typeface style requirements of Fed. R. App. P. 32(a)(6) because the brief was prepared in 14-point Times New Roman font using Microsoft Word.

/s/
Stanley E. Woodward, Jr.

# CERTIFICATE OF SERVICE

I hereby certify, pursuant to Fed. R. App. P. 25(c), that on May 13, 2024 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter who are registered with the Court's CM/ECF system. I further certify that the required hard copies were sent to the Court and all attorneys of record via FedEx on or about May 13, 2024.

/s/
Stanley E. Woodward, Jr.

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff-Appellee<br><br>v.<br><br>PETER K. NAVARRO,<br>Defendant-Appellant. | No. 23-5062 |

# CERTIFICATE OF PARTIES

Plaintiff-Appellee is the United States of America, by the U.S. Department of Justice. Defendant-Appellant is Dr. Peter K. Navarro. In the District Court, there were no additional parties and no amici.

Dated: May 13, 2024                Respectfully Submitted,

                                        */s/ Stanley E. Woodward, Jr.*
                                 (D.C. Bar No. 997320)
                                 BRAND WOODWARD LAW, LP
                                 400 5th Street NW, Suite 350
                                 Washington, DC  20001
                                 202-996-7447 (telephone)
                                 202-996-0113 (facsimile)
                                 Stanley@BrandWoodwardLaw.com

                                 *Counsel for Appellant Peter K. Navarro*