# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-5062**                                                     **September Term, 2022**

                                                                    **1:22-cv-02292-CKK**

                                                            **Filed On:** April 12, 2023

United States of America,

      Appellee

    v.

Peter K. Navarro,

      Appellant

      **BEFORE:**    Millett, Wilkins, and Rao, Circuit Judges

## O R D E R

Upon consideration of the emergency motion for stay, the opposition thereto, and the reply, it is

**ORDERED** that the motion for stay be denied. In determining whether to issue a stay, we consider (1) whether Navarro has made a "strong showing that he is likely to succeed on the merits"; (2) whether Navarro "will be irreparably injured absent a stay"; (3) whether issuance of the stay "will substantially injure the other parties interested in the proceeding"; and (4) "where the public interest lies." Nken v. Holder, 556 U.S. 418, 426 (2009). Because the party opposing the stay is the government, the third and fourth factors merge. Id. at 435. Navarro has not shown that he is entitled to a stay here.

First, Navarro has not demonstrated a substantial likelihood of success on the merits. He does not dispute that he possesses at least 200–250 Presidential records that are covered by the Presidential Records Act, 44 U.S.C. § 2201 et seq. See Declaration of William J. Bosanko [ECF No. 1-5] ¶ 9. Nor does Navarro dispute that the records in his possession are the property of the United States. See Memorandum Opinion [ECF No. 16], 6–7. Although Navarro claims there is no cause of action under the Presidential Records Act that allows the government to recover its records, see Stay Mot. 5–6, that argument is beside the point, as the United States has asserted a cause of action under the District of Columbia's replevin statute. See Cotton v. United States, 52 U.S. 229, 231–232 (1850); FED. R. CIV. P. 64; D.C. Code § 16–3701 et seq.; United States v. McElvenny, No. 02 Civ. 3027 (JSM), 2003 WL 1741422, at *1 (S.D.N.Y. April 1, 2003). Navarro has not adequately demonstrated that the United States cannot proceed under the replevin statute. In this preliminary posture, however, we do not prejudge any potential merits arguments regarding the government's use of replevin in this case.

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-5062**  September Term, 2022

Second, Navarro has not shown that returning the United States' property would inflict any irreparable harm. He claims that complying with the district court's order would violate his Fifth Amendment right against self-incrimination. U.S. CONST. amend. V. But Navarro has failed to articulate any cognizable Fifth Amendment injury. Because the records were voluntarily created, and he has conceded both that they are in his possession and that they are the property of the United States, the action of physically returning the United States' records to it will not implicate his protection against self-incrimination. See, e.g., Fisher v. United States, 425 U.S. 391, 411–413 (1976); United States v. Hubbell, 167 F.3d 552, 567–568 (D.C. Cir. 1999) (per curiam).

Third and finally, the balance of interests also favors the United States. There is no public interest in Navarro's retention of the records, and Congress has recognized that the public has an interest in the Nation's possession and retention of Presidential records. See 44 U.S.C. §§ 2202, 2203, 2209; Armstrong v. Bush, 924 F.2d 282, 290 (D.C. Cir. 1991).

Accordingly, the motion for a stay is denied.

**Per Curiam**

                                      **FOR THE COURT:**
                                      Mark J. Langer, Clerk

                        BY:    /s/
                                      Amanda Himes
                                      Deputy Clerk